**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE ABRAHAM RODRIGUEZ VILLALVAZO; VERONICA LIZBETH RODRIGUEZ VILLALVAZO; LAURA ESTELA RODRIGUEZ VILLALVAZO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-74317 <br><br> Agency Nos. A075-503-575 <br> A075-503-574 <br> A075-503-573 <br><br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Jose Abraham Rodriguez Villalvazo, Veronica Lizbeth Rodriguez

Villalvazo, and Laura Estela Rodriguez Villalvazo, natives and citizens of Mexico,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review petitioners' contention that their mother's satisfaction of the continuous physical presence requirement should have been imputed to them, because they failed to raise that issue before the BIA and thereby failed to exhaust their administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

Petitioners' contention that the agency's application of the ten-year continuous physical presence requirement violated their due process rights is unavailing. *See Padilla-Padilla v. Gonzales*, 463 F.3d 972, 978-79 (9th Cir. 2006).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**